Houston, J.,
delivered his opinion, in writing, as follows:
This is an action of ejectment,-brought by William P. Cooper—who is the only child and heir-at-law of Richard J. Cooper, deceased, who was one of the five children and devisees for life of the testator—to recover from Ignatius T. Cooper, the real defendant, who is the only surviving child of the testator, the one undivided fourth part of the lands and premises devised by Richard Cooper, in the sixth ■ and seventh items of his last will and testament, to his son, William H. Cooper, who afterwards died without issue; and as both parties claim title under- the same devise and limitations contained in the will of the testator, the single question presented for the consideration of the Court is, whether the lands and premises devised, in the first instance, to his son, William H. Cooper, in severalty, on his death without children, survived to the children of the deceased children of the testator, as tenants in common with their uncle, Ignatius T. Cooper, the only remaining child of the testator (all the other children of the testator having died before William H.), or to Ignatius T. Cooper alone as such sole survivor ? And this depends entirely upon the construction to be given to the portions of the *378 will which relate to the matter, and the intention of the testator, as well as it can be ascertained from language which, when it comes to be applied to the case before us, involves milch uncertainty and obscurity of meaning.
In the sixth item of his will, the testator devises to each of his five children by name, Ezekiel, Sarah, Richard J., Ignatius T., and William H., certain portions of his real estate' in severalty for life, remainder to the children of each in tail, in the portions so devised, subject to the following proviso, contained in the seventh item of it:
“ Provided, nevertheless, in case any one or more of my said children should happen to die without leaving child, or children, lawfully begotten of their 'bodies, that can take and hold my real estate, as my immediate devisees, agreeable to the true intent and meaning of this my will; then in such case I give and devise the lands and premises, above devised, to such child or children which may, or shall happen to die as aforesaid, unto the survivor, or survivors, of my said children, during their natural life; and after their decease, I give and devise the lands and premises, as aforesaid, to the child and children, both males and females, respectively, of such survivor or survivors, lawfully begotten of their bodies forever, of any of my children which may be dead, leaving such child or children, such child or children claiming such part or share as the parent or parents of such child or children would have claimed, if living, to be equally divided between my surviving child or children, as aforesaid, and the child or children, lawfully begotten, of any that may be dead, claiming the right of their parent or parents as if living, share and share alike as tenants in common, and not as joint tenants, and to the respective heirs, as aforesaid, forever; and it is further provided, and it is my will, and desire, and intention, that if the whole of my children should die without leaving lawful child, or children, or legal descendants of such child or children, so that the whole of the lawful issue of my own body should become extinct, then and in such case I give and devise the re *379 mainder and remainders, reversion and reversions, of my whole estate, in the manner and form following,” &c.
The testator then devises over the estate to others; and, after these devises over, the testator then adds as follows in the eighth item of the will:
“ Be it known, that it is my express intention, in this., my will, to create and establish cross-remainders, on and in the aforesaid estates, lands, and premises, among my several and respective children, and their children lawfully begotten, so that my children and their children, as aforesaid, shall inherit so long as any of them shall remain.” And he afterwards reiterates the same desire substantially in the codicil to his will of the 22d of July, 1816, in which he subjoins the following provision:
“ I do also declare, that it is my intention and will that the whole of my estate, both real and personal, shall go to and be divided to and amongst my children and the lawful issue of their respective bodies, so long as any of them shall remain; and that no other person, in remainder, shall take or inherit any part thereof, so long as any of my' children, or their lawful issue, shall survive.”
The present case, however, turns upon the construction to be given to the proviso contained in the seventh item of the will, and the intention of the testator, as the same is to be deduced from all the provisions above quoted. And I must say, after a careful consideration of the subject, that my mind has been conducted to the conclusion, that the premises devised to William H., on his death without children, survive for the present to Ignatius T., the sole surviving child of the testator, for the term of his life. What the testator would have written, or what precise language he would have employed in addition to that which he has used, had he foreseen what has actually occurred, and which he may not at the time of drawing his will at all anticipated., I cannot pretend to say; but of one thing I am convinced, that if there is any certain and unquestionable meaning to be extracted from the multiplicity of words introduced into the seventh item of the *380 will, it is the intention, that if any one of his children should die without leaving a lawful child, his primary share, devised to him for life, should pass to the survivor or survivors of his said children for life; and although it is what follows after that which chiefly embarrasses the construction of the item in question, and notwithstanding he after-wards speaks of the children of deceased children taking as tenants in common with his surviving child or children, the share which his or their parent or parents would take if living, yet I do not understand that to refer to a share when it first survives by the death of a child without children; but I take it to mean, that when a share has thus once survived, by the death of a child without children, to the surviving children of the testator for life, and then one or more of those survivors afterwards dies leaving children, those children shall take the share or shares of their parent or parents, or which their parents would take if then living; that is to say, would take per stirpes, and not per capita, as tenants in common with a surviving child or children of the testator, the lands and premises which had thus, in the first instance, survived to the children alone of the testator, for the term of their lives. For it will be observed, that while the testator expressly and unequivocally provides, that if any of his said children shall die without leaving lawful child or children, the lands devised to him in severalty, in the first instance, for life, shall go to the survivor or survivors of his said children for life (by which we are to understand the “survivor or survivors” then living), he does not add, as we often find to be the case in limitations over of this nature, and to the longest liver of them for life, and which would have carried it over by accruer to the last survivor of them for life, if all the other children had been living on the death of William H. On the. contrary, he gives it to the survivor or survivors of them (which means, then living), and on the deaths of those survivors, as they shall afterwards occur, with or without issue, their 'children, if they leave any, shall take the share of his or their parents, or which their parents would take, *381 if then living, in the lands and premises which had originally accrued to those survivors, at the time, hy the death of one or more of the primary devisees without children, to hold the shares of their parents which they would then take as tenants in common with the surviving child or children of the testator who might be still living. Stripping the clause in question of its redundant phraseology, without impairing its sense, as I understand it, I read it as if it were expressed in the following language: And in case any of my said children should die without leaving a lawful child, 1 give the lands and premises above devised to any such child of mine, to the survivor or survivors of my said children then living during his or their natural lives; and after the decease of such survivor or survivors, and as the same shall occur, Igive and devise the said lands and premises so accruing to them as aforesaid (that is, by the death, of any one of his children without children, as aforesaid), to the child or children of such survivor or survivors as may have left any, the child or children of such survivor or survivors, to take the part or share which his, her, or their parent would hold or take if living, to be equally divided between them and my surviving child or children as tenants in common, fc. By this construction and interpretation of the testator’s meaning, I reconcile the several parts and provisions of this clause of the will with each other, and also with what is added in the eighth item, and in the codicil of the 22d of July, 1816, and that, too, without the necessity of rejecting, substituting, or adding a word in any part of it, as we are bound to do, if possible—although I have simplified the language of it, the better to illustrate and convey my understanding of the meaning of it as penned.by the testator.
I do not deem it necessary to say anything more on the subject, except to add, that in no aspect in which I have contemplated the devise in question, and by no reasonable construction which I have been able to give to the terms in which it is expressed, can I come to any other conclusion, than that the lands and premises devised to William H. Cooper have passed, by his death without issue, to his *382 brother, Ignatius T., the sole surviving child of the testator, for the term of his life, and that judgment should accordingly be entered for the defendants.
The other members of the Court, without expressing any opinion as to the proper exposition of the subsequent limitations and provisions contained in the will, concurred in the conclusion, that the lands and premises in question, devised to William H. Cooper, the son of the testatof, for life, on his death without lawful issue, survived and passed to his ¡brother, Ignatius T. Cooper, the sole surviving child of the testator, for life, which was the only question involved in the case; and directed their opinion to be certified accordingly to the Court below.